UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff<br><br>vs.<br><br>JESUS FABEL DIAZ-PELLEGAUD,<br>a/k/a "Fael," a/k/a "Fabel,"<br>Defendant | 4:09-cr-40029<br><br>MEMORANDUM AND<br>ORDER DENYING<br>SENTENCE REDUCTION |

Pending before the Court is a motion filed by Jesus Fabel Diaz-Pellegaud in which he requests a "2-point reduction, pursuant to 18 U.S.C. § 3582(c)(2)." (Doc. 1320). He also requests the appointment of counsel. (Id.). The United States has responded, arguing that the motion should be denied because Diaz-Pellagaud does not meet the criteria set forth in Amendment 821, Part B, Subpart 1, which now appears as U.S.S.G. § 4C1.1. (Doc. 1321). The Federal Public Defender's Office does not intend to supplement Defendant's filing. (Doc. entry 11/30/2023). For the following reasons, the Court denies Diaz-Pellegaud's motion.

**BACKGROUND**

On August 27, 2010, a jury convicted Diaz-Pellegaud of conspiracy to distribute methamphetamine and marijuana, 21 U.S.C. §§ 841 and 846, and conspiracy to commit money laundering, 18 U.S.C. § 1956(h). (Doc. 982). The

1

charges arose from a multi-defendant, multistate drug distribution operation. At sentencing on December 10, 2010, the Government sought a 4-level enhancement for Defendant's role in the offense and a 2-level enhancement for possession of a firearm while committing the offense. (Doc. 1114). Contrary to what the United States recites, this Court found Defendant was a leader in the conspiracy and drug distribution and imposed a 3-level enhancement. The result was an increase in the offense level to 42 from a base of 38 and criminal history category of 1. (Id., PgID 4057). Also, the Court rejected the 2-level firearms enhancement based on the lack of proof that Defendant, as opposed to others in the conspiracy, possessed a firearm. (Id., PgID 4056). Under the Guidelines, the sentencing range was 360 months-life. (Id.). The Court sentenced Diaz-Pellegaud to 360 months for the drug offenses and 240 months for money laundering, to run concurrently. (Docs. 1114, 1051).

On December 8, 2014, pursuant to Amendment 781 of the Guidelines, Diaz-Pellegaud moved for a reduction in sentence. (Doc. 1243). The Government agreed he qualified for the reduction, (Doc. 1250), and the Court granted it. The result was an offense level of 36, and when the 4-point adjustment for role in the offense was added, the offense level was 40. With a criminal history of 1, the new sentencing range was 292-365 months, and this Court imposed a 292-month

sentence. (Doc. 1264, 1267). As noted, Diaz-Pellegaud now seeks a further reduction in sentence.

**LEGAL STANDARD**

Ordinarily, a court may not modify a sentence once it has been imposed. 18 U.S.C. § 3582. The statute creates an exception for a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission...". Id. § 3582(c). In such a situation, the court engages in the two-step procedure set forth in *Dillon v. United States*, 560 U.S. 817, 826-27 (2010). That procedure requires a determination whether the applicant qualifies for relief under § 3582(c), followed by ascertaining the pertinent guideline range. *Id.* See also *United States v. Diaz*, 2024 WL 167166, *2 (S.D. Fla. Jan. 16, 2024); *United States v. Estupinan*, 2023 WL 9022718, *2 (S.D. Fla. Dec. 31, 2023); *United States v. Galvan-Jacinto*, 2023 WL 9007294, *2 (W.D. Okla. Dec. 28, 2023).

The current motion filed by Diaz-Pellegaud requests a reduction pursuant to Amendment 821 to the Guidelines which provides as follows:

§ 4C1.1. Adjustment for Certain Zero-Point Offenders

(a) Adjustment.--If the defendant meets all of the following criteria:

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;
(2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
(3) the defendant did not use violence or credible threats of violence in connection with the offense;

3

(4) the offense did not result in death or serious bodily injury;
(5) the instant offense of conviction is not a sex offense;
(6) the defendant did not personally cause substantial financial hardship;
(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
(8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
(9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
(10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848;

decrease the offense level determined under Chapters Two and Three by 2 levels.

U.S.S.G. § 4C1.1.

Pertinent to the case at bar is the reference at § 4C1.1(a)(10) to a defendant's sentence having included an adjustment for role in the offense pursuant to § 3B1.1 which provides as follows:

§ 3B1.1. Aggravating Role

Based on the defendant's role in the offense, increase the offense level as follows:
(a) If the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by 4 levels.
(b) If the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive, increase by 3 levels.
(c) If the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b), increase by 2 levels.

U.S.S.G. § 3B1.1.

## ANALYSIS

As noted previously, the Court imposed a sentence on Diaz-Pellegaud which included a 4-level increase for his role in the offense as a leader. (Doc. 1114, PgID 4056). The basis for the enhancement was Defendant's role as a leader of the conspiracy, which involved at least twenty-five defendants as described in the jury trials and guilty pleas this Court conducted. Thus, Defendant does not qualify for a reduction in sentence pursuant to § 4C1.1(a)(10). See generally, *United States v. Gordon*, 2023 WL 8601494, *2 (D. Maine Dec. 12, 2023) (discussing imposition of 4-level enhancement based on role in the offense and denying reduction under § 4C1.1); *United States v. Williams,* 2023 WL 8082074, *2 (S.D. Fla. Nov. 21, 2023) (same). The Court notes that it interprets the provisions of § 4C1.1(a)(10) as barring relief if either of the two disqualifications for relief in that section is present in an individual's case. That is because the language of § 4C1.1(a) states that an individual must meet "all of the following criteria" and lack of an enhancement for role in the offense is one of the criteria. Accord *Gordon*, 2023 WL 8601494, at *3 (denying relief based on role in the offense factor alone); *Williams*, 2023 WL 8082074, at *2 (same).

Because defendant is ineligible for a sentencing reduction, there is no reason to appoint counsel. See, e.g., *United States v. Williams*, 2023 WL 8868799 (D.

Minn. Dec. 22, 2023); *United States v. Ross*, 2024 WL 149130, *2 (S.D.N.Y. Jan. 12, 2024). Therefore, Defendant's motion for appointment of counsel is denied.

Accordingly, IT IS ORDERED that Diaz-Pellegaud's motion for reduction in sentence and appointment of counsel is denied.

Dated this 5th day of February, 2024.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK